| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 4:17-CR-198 (2)
§
EGLAEL SOTO §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Eglael Soto's ("Soto") *pro se* Motion Seeking Sentencing Court to Recommend Home Confinement Pursuant to 18 U.S.C. § 3621(b)(4) (#510), wherein Soto requests that the court recommend that the BOP place her on home confinement due to the threat of Coronavirus Disease 2019 ("COVID-19") within the federal prison system. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be dismissed.

I.   Background

Soto is serving a 100-month term of imprisonment for Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846. She is currently housed at a low security federal correctional institution with an adjacent minimum security satellite camp, located in Aliceville, Alabama ("FCI Aliceville"). Her anticipated date of release is April 8, 2026.

On September 29, 2020, the court entered an order (#502), which, in part, denied Soto's request to serve the remainder of her sentence on home condiment.[1] The court stated: "The BOP

---

[1] The court's September 29, 2020, Order denied Soto's *pro se* Motion for Compassionate Release (#479), wherein Soto requested that the court modify her sentence and immediately release her from prison due to the threat of COVID-19, as well as her *pro se* "Complaint and Request for Preliminary Injunction and TRO" (#497), wherein Soto requested to serve the remainder of her sentence on home confinement.

has the exclusive authority to determine where a prisoner is housed; thus, the court is without authority to order home confinement." Soto filed the instant motion of December 8, 2020, requesting that the court make a recommendation under 18 U.S.C. § 3621(b)(4) that Soto be placed on home confinement.

II.     Analysis

The Bureau of Prisons ("BOP") has the sole authority for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973). Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, a determination of if and when a prisoner should be allowed to serve the remainder of her sentence on home confinement is left to the discretion, experience, and expertise of the BOP. *See* 18 U.S.C. § 3624(c); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but . . . only the [BOP] has the actual authority to designate the place of incarceration."); *Ambriz v. United States*, 465 F. Supp. 3d 630, 633 (N.D. Tex. 2020) (holding that the court has no authority to compel the BOP to release a prisoner to home confinement); *Livas v. Myers*, 455 F. Supp. 3d 272, 283 (W.D. La. 2020); *United States v. Carden*, No. CR JKB-15-0016, 2020 WL 1873951, at *2 (D. Md. Apr. 15, 2020) (holding that the court does not have the authority to order the defendant released to home detention); *United States v. Yates*, No.

15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is BOP—not the courts—who decides whether home detention is appropriate.").

Moreover, "the CARES Act . . . instruct[s] and expand[s] the authority of the director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *Ambriz*, 465 F. Supp. 3d at 633 (quoting *United States v. Stiger*, No. 3:12-CR-054-L, Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020)); *see* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). Thus, Soto's request for home confinement is properly directed to the BOP. 18 U.S.C. § 3624(c)(2); *United States v. Sneed*, 63 F.3d 381, 389 (5th Cir. 1995); *Ambriz*, 465 F. Supp. 3d at 633; *Livas*, 455 F. Supp. 3d at 283 ("Such a designation and/or classification falls squarely within BOP's authority and outside the purview of this Court. To rule otherwise would make this Court a de facto 'super' warden of [the correctional facility]."); *see Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 WL 2417654, at *4 (M.D. Ala. May 17, 2019) ("The [First Step Act] does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant restrictions for such placement; instead, it merely provides the BOP with discretion to do so.").

Additionally, in response to a directive from the United States Attorney General in March 2020, the BOP immediately began reviewing all inmates who have COVID-19 risk factors, as described by the Centers for Disease Control and Prevention, for the purpose of determining which inmates are suitable for placement on home confinement. *See United States v. Collins*, No. 04-50170-04, 2020 WL 1929844, at *3 (W.D. La. Apr. 20, 2020). The BOP notes that inmates need not apply to be considered for home confinement, as this is being done automatically by case management staff. To date, the BOP has placed 18,658 inmates on home confinement. The

March 2020 directive is limited to "eligible at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *United States v. Castillo*, No. CR 2:13-852-1, 2020 WL 3000799, at *3 (S.D. Tex. June 2, 2020). Thus, at this time, the court declines to issue another judicial recommendation as to Soto's place of incarceration.

III.   Conclusion

Accordingly, Soto's *pro se* Motion Seeking Sentencing Court to Recommend Home Confinement Pursuant to 18 U.S.C. § 3621(b)(4) (#510) is DISMISSED WITH PREJUDICE.

SIGNED at Beaumont, Texas, this 15th day of December, 2020.

                    MARCIA A. CRONE
                UNITED STATES DISTRICT JUDGE